IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN C. HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3248 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for final briefing of this habeas corpus case initiated by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") by the petitioner, Juan C. Hernandez. The petitioner alleges violations of his constitutional rights in connection with his conviction and sentence in the District Court of Lancaster County, Nebraska, on or about August 31, 2001, after a jury trial on a charge of first degree sexual assault. In his § 2254 petition, the petitioner asserts the following claims:

**Claim No. 1:**   Insufficient evidence to support the conviction;

**Claim No. 2:**   Denial of fair trial by joinder with co-defendant;

**Claim No. 3:**   Prosecutorial misconduct by knowing use of perjured testimony and by bringing charges knowing the evidence was insufficient;

**Claim No. 4**:   Ineffective assistance of trial counsel by failure to investigate, i.e., depose witnesses prior to trial, and by failure to cross-examine and call defense witnesses to support objection(s); and

   **Claim No. 5**: Ineffective assistance of appellate counsel.

## Issues Before the Court

The respondent has filed an Answer (filing no. 11) asserting the affirmative defense of procedural default as to the petitioner's Claims No. 2 through 5. The respondent also denies all of the petitioner's claims on the merits. The petitioner has filed a Reply (filing no. 13), denying the petitioner's affirmative defense.

I will be considering the respondent's affirmative defense of procedural default, the

1

petitioner's denial of procedural default and, presumably, his demonstration of cause and prejudice to excuse any procedural default, as well as the merits of all claims which are either not subject to procedural default or for which procedural default is excused. The applicable law is briefly summarized below, and the parties shall submit briefs by the deadlines ordered at the end of this Progression Order.

**Procedural Default**

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," **not** unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1, or procedural default can occur when a petitioner fails to follow a state procedural rule for a claim and thereby forfeits the claim. The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure, so as to "excuse" the procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004).

The respondent alleges in his Answer that Claims No. 2 through 5 are barred by procedural default from consideration on the merits by this court. Therefore, the petitioner

shall have an opportunity to argue that his claims were fairly presented to the Nebraska appellate courts and, therefore, are not procedurally defaulted, or, if defaulted, to show that cause and prejudice excuse any such procedural default.

### Cause and Prejudice to Excuse Procedural Default

Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution."  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted.  Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense.  See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.  Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

### Deferential Standard for Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d).  The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in

3

> custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the

4

evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claims in this case which were presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of each claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence.

IT IS THEREFORE ORDERED:

1. That, for the convenience of the court, the respondent shall, by June 15, 2006, file and serve on the petitioner a separate Index of Evidence containing copies of all state court decisions in the district court, Nebraska Court of Appeals and Nebraska Supreme Court relating to the petitioner's direct appeal and postconviction proceedings (including any Order(s) of summary affirmance or Order(s) denying further review);

2. That by June 15, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

3. That by August 15, 2006, each party shall file a brief in response to the other party's brief; and

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

April 19, 2006. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge