IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN C. HERNANDEZ, | ) | 4:04CV3248 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

Juan C. Hernandez (Hernandez), who was convicted of first degree sexual assault in the District Court of Lancaster County, Nebraska, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As outlined in an earlier scheduling order (filing 14), five claims are asserted:

1. Insufficient evidence to support the conviction;
2. Denial of fair trial by joinder with co-defendant;
3. Prosecutorial misconduct by knowing use of perjured testimony and by bringing charges knowing the evidence was insufficient;
4. Ineffective assistance of trial counsel by failure to investigate, i.e., depose witnesses prior to trial, and by failure to cross-examine and call defense witnesses to support objection(s); and
5. Ineffective assistance of appellate counsel.

The respondent has alleged that all claims except the first one are procedurally defaulted. Consequently, the parties were directed to submit simultaneous briefs discussing this affirmative defense and whether there is cause and prejudice to excuse any such procedural default; the parties were also directed to discuss the merits of any claim that is not procedurally defaulted. Only the respondent has filed a brief.

## *DISCUSSION*

On direct appeal to the Nebraska Court of Appeals, Hernandez asserted that "the district court abused its discretion in (1) consolidating his trial with that of [his co-defendant], (2) failing to sever the trials, (3) sustaining the State's relevancy objection to cross-examination of [the complaining witness] regarding her relationship with her boyfriend, (4) overruling Hernandez' motions to dismiss , (5) finding that the jury's guilty verdict was supported by sufficient evidence and the applicable law, and (6) imposing an excessive sentence of 15 to 20 years' imprisonment." (Filing 15, Ex. 1B at 5.) The motions to dismiss referenced in the fourth assignment of error were based on alleged insufficiency of evidence. The Nebraska Court of Appeals affirmed Hernandez' conviction, and the Nebraska Supreme Court denied further review on March 26, 2003.[1]

On motion for post-conviction relief in the District Court of Lancaster County, Hernandez asserted five grounds for relief: "(1) insufficiency of evidence to support the jury's finding of guilt; (2) prosecutorial misconduct by using perjured testimony; (3) denial of a fair trial by the consolidation of the trials; (4) denial of effective assistance of trial counsel; and (5) denial of effective assistance of appellate counsel." (Filing 15, Ex. 2A at 2.) The district court denied the motion in all respects and ruled: (1) the first ground had been raised on direct appeal and found to be without merit; (2) the second ground could have been raised on direct appeal but was not, and, in any event, it was without factual support; (3) the third ground had been raised on direct appeal and found to be without merit; (4) sufficient facts were not alleged to support the claim of ineffective assistance of trial counsel; and (5) sufficient facts were not alleged to support the claim of ineffective assistance of appellate counsel. The denial of post-conviction relief was summarily affirmed by the Nebraska Court

---

[1] The petition for further review was concerned with the cross-examination issue (third assignment of error), trial consolidation (first and second assignments of error), and sufficiency of the evidence (fourth and fifth assignments of error).

of Appeals, but Hernandez did not petition for further review by the Nebraska Supreme Court.

The failure to file a petition for further review means that Hernandez has not exhausted his state court remedies with respect to any claims that were raised for the first time in the motion for post-conviction relief (i.e., the second, fourth, and fifth grounds). See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005) (Nebraska law requires the filing of a petition for further review with the Nebraska Supreme Court in order to exhaust available state court remedies). However, if there is no presently available state court remedy for such claims, then they are procedurally defaulted rather than unexhausted.[2] See id. at 456 n. 1. I find this to be the case here.[3]

---

[2] As explained in Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005), cert. denied, 126 S.Ct. 1351 (2006):

> When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in Rhines v. Weber, — U.S. —, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" (or actual innocence, which is not an issue in this case). Gray v. Netherland, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); see Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

[3] A petition for further review by the Nebraska Supreme Court must be filed within 30 days after the Nebraska Court of Appeals has issued it decision in a case. Neb. Rev. Stat. § 24-1107; Practice and Procedure in the Supreme Court and Court of Appeals, Rule 2F(1). That time has long since expired, and there is no other way

I will next review each of the five claims asserted by Hernandez in his § 2254 petition for procedural default, or, if appropriate, on the merits.

### *1. Sufficiency of the Evidence*

This claim is not procedurally defaulted. The applicable standard of review is stated in Liggins v. Burger, 422 F.3d 642, 647 (8th Cir. 2005), cert. denied, 126 S.Ct. 1359 (2006):

> Within the context of § 2254, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("[U]nder 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.") (citation omitted). We presume the findings of fact made by the [state] courts are correct unless [petitioner] rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir.2003).

Hernandez contends that his conviction must be set aside because "[t]he victim alleged that she was sexually assaulted, yet there was no physical evidence collected, no medical observation showing the victim was sexually assaulted, and the DNA evidence was negative." (Filing 1 at 5.) The victim's testimony standing alone was

---

for Hernandez to get the claims before the Supreme Court for consideration on the merits. See State v. Marshall, 725 N.W.2d 834, 838 (Neb. 2007) ("An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.").

enough to convict Hernandez. See Loeblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000) (victim's testimony is, by itself, normally sufficient to sustain a conviction).

### *2. Consolidated Trial*

The respondent argues that the second claim in Hernandez' § 2254 petition, which is substantially similar to the third ground in Hernandez' motion for post-conviction relief (i.e., denial of a fair trial by the consolidation of the trials) was not fairly presented to the Nebraska Supreme Court because Hernandez only raised a state-law challenge on direct appeal, not a constitutional challenge. This is correct.[4] See Morris v. Norris, 83 F.3d 268, 270 (8th Cir. 1996) (federal habeas petitioner's claim that joint trial deprived him of due process and the right to confront witnesses was not fairly presented to state court where his brief on direct appeal argued only an abuse of discretion under state law and did not refer to the federal Constitution or cite a federal case).

However, while Hernandez argued in his motion for post-conviction relief that a joint trial "was not permitted by statute" because his co-defendant decided to testify during the trial and implicated Hernandez by placing him at the scene of the crime, Hernandez also specifically alleged that he "was denied his constitutional right to a fair trial by the court's consolidation of those trials, in violation of petitioner's Sixth and Fourteenth Amendment right[s]." (Motion for post-conviction relief, p. 6.) In fact, the trial court found that Hernandez' claim "that he was denied his constitutional right to a fair trial by the consolidation of his trial with that of [his co-defendant] . . . was raised, argued and decided on Hernandez' direct appeal." (Filing 15, Ex. 2A at

---

[4] Hernandez' attorney conceded on direct appeal that "[t]here is no constitutional right to a separate trial[.]" (Appellant's brief in A-01-001344, p. 17.) The Nebraska Court of Appeals agreed, holding that: "The Nebraska Supreme Court has made it clear that there is no constitutional right to a separate trial, as that qualified right is statutory under Neb. Rev. Stat. § 29-2002 (Reissue 1995)." (Filing 15, Ex. 1B at 5.)

4.)  Although it appears wrong, this is also the position that was advocated by the State of Nebraska in a brief submitted to the trial court and in a subsequent brief submitted to the Nebraska Court of Appeals.

Hernandez did not expressly challenge the trial court's determination that his constitutional claim had been decided on direct appeal, as he argued only generally to the Court of Appeals that the trial court had abused its discretion in failing to grant him post-conviction relief.  (See appellant's brief in A-04-0055.)  Moreover, as discussed above, Hernandez also failed to petition the Nebraska Supreme Court for further review after his second appeal was summarily dismissed.  Thus, the claim is procedurally defaulted even though Hernandez attempted to raise a constitutional claim in his motion for post-conviction relief.

The claim may be considered as part of Hernandez' § 2254 petition only if he "excuses the default by showing cause and prejudice or a 'colorable claim of factual innocence.'"  Morris, 83 F.3d at 270 (quoting Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  Hernandez has failed to make such a showing.  To the extent that Hernandez' claim is based on the application of state law, it is not the proper subject of a § 2254 petition.  See Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006) ("federal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

### *3. Prosecutorial Misconduct*

Hernandez asserted a claim of prosecutorial misconduct in his motion for post-conviction relief by alleging "that the state's witnesses provided false information to the police during the investigation and that the lack of physical evidence against [him] puts into question the truthfulness of the witnesses and the state's case against him." (Filing 15, Ex. 2A at 4.)  Hernandez similarly alleges in his § 2254 petition that

-6-

"[t]he prosecution knew or should have known that the victim made several false reports or statements to police and allow[ed] the victim to testify to a sexual assault without actual proof." (Filing 1 at 6.)

The trial court determined that this claim of prosecutorial misconduct did not merit post-conviction relief because it "was an issue known to [Hernandez] and his trial counsel at the time of trial and could have been raised on his direct appeal" and also because it was "not supported by any factual allegation." The reasons given by the trial court for denying the claim are both procedural in nature.[5] "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). See also Bell v. Attorney General, 474 F.3d 558, 560 (8th Cir. 2007) ("Federal habeas review of a state court decision is not available if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment, regardless of whether the state law ground is substantive or procedural.") (internal quotations omitted). Again, there has been no showing to excuse Hernandez' procedural default.

### 4. *Trial Counsel*

In his motion for post-conviction relief, Hernandez claimed that his trial attorney was ineffective in "failing to investigate and call certain defense witnesses, such as the victim's boyfriend or an expert witness to testify about the absence of DNA evidence connecting Hernandez to the assault." (Filing 15, Ex. 2A at 5).

---

[5] The reasons given by the trial court are both based on clearly established and regularly followed procedural rules. See, e.g., State v. Ditter, 587 N.W.2d 73, 76 (Neb. 1998) (motion for post-conviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal); State v. Silvers, 587 N.W.2d 325, 332 (Neb. 1998) (evidentiary hearing is not required when a motion for post-conviction relief alleges only conclusions of fact or law).

Hernandez also complained that his attorney failed to depose his co-defendant or cross-examine him at trial. (See motion for post-conviction relief, p. 7.) Hernandez alleges in his §2254 petition that:

> Trial counsel failed to investigate and call defense witnesses[;] trial counsel failed and refused to cross-examine and depose witnesses prior to trial; trial counsel refused and failed to call defense witnesses to support counsel's objection.
>
> Trial counsel in my case was acting as stand-by, while my co-defendant['s] counsel did all the legal work. Trial counsel knew that [I] would not be taking the stand and failed to bring that legal basis to the attention of the court when making the motion to severe [sic], thereby denying [me] a fair trial.

(Filing 1 at 6-7.)

Although a habeas claim need not present an "exact duplicate" of one raised in the state proceedings, it must present the same factual and legal bases as in state court in order for the claim to be preserved. Winfield v. Roper, 460 F.3d 1026, 1036 (8th Cir. 2006). The second paragraph of Hernandez' § 2254 claim of ineffective assistance of trial counsel was not presented to the trial court. In any event, the failure to present any part of the claim to the Nebraska Supreme Court precludes federal habeas review. The claim is procedurally defaulted and, once again, Hernandez has not made a showing of cause and prejudice or actual innocence to excuse the default.

### 5. *Appellate Counsel*

In his motion for post-conviction relief, Hernandez claimed that his appellate counsel (who also acted as trial counsel) was ineffective in "failing to raise the issue of his trial counsel not calling certain witnesses, failing to brief the lack of DNA

evidence connecting him to the assault and failing to effectively brief the decision to consolidate his trial." (Filing 15, Ex. 2A at 6.) Hernandez complains in his § 2254 petition that his attorney "failed to raise on appeal the issues of (1) denial of witnesses; (2) ineffective assistance of counsel for failure to investigate and gather defense evidence; (3) a consolidation of the trial of petitioner and co-defendant would be unfair and prejudicial; (4) appellant [sic] counsel failed to effectively argue the DNA evidence in support of his client's case or defense." (Filing 1 at 7.) As with the preceding claim, Hernandez failed to preserve this claim of ineffective assistance of counsel by taking it to the Nebraska Supreme Court and he has not made a showing to excuse the procedural default.

## *CONCLUSION*

Hernandez' claim that his conviction for first degree sexual assault was not supported by sufficient evidence has no merit. The remainder of his claims are procedurally barred.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 (filing 1) is denied. By separate document, judgment will be entered dismissing the petition with prejudice.

February 27, 2007.   BY THE COURT

s/*Richard G. Kopf*
United States District Judge